Now we move to the fourth case, U.S. v. Santiago. Good morning. My name is Joy Bertrand and I represent Mr. Santiago on this appeal. This case, in looking at the briefs between the defendant and the government, illustrates the intersection between two portions of the Sentencing Reform Act. The ones we're used to using and are able to rattle off quickly, the 3553A factors, and the factors under 3553E that apply when considering a sentence below the mandatory minimum pursuant to a motion by the government under 5K in the guidelines. And we ask the court to remand this back for resentencing, because this case shows that the Johnson decision, which the government relies upon, is not being applied if it is to be applied in these cooperation cases. The district courts continue to meld the two sets of factors. So here, the government, at sentencing, in its memoranda, and then before the court, said Johnson requires us to only look at 3553E factors, the cooperation factors, danger to the defendant. Wasn't your client sentenced below the statutory minimum? Yes, sir, he was. What's the beef? The beef is we maintain that the defense at sentencing was asking for a supervisory sentence. He didn't get what he wanted, but he got below the statutory minimum. The court is correct. He did get below the statutory minimum. But what we don't know, based on this record from the trial court, is how much of this sentence was generated by 3553E factors, and how much was generated by 3553A factors. I understand that the court could not have sentenced below what he did. The court could have sentenced below the 30 months that Mr. Santiago received. Did he go below the statutory minimum? The court could and did, based on the 5K recommendation of the government. But he couldn't have gone any lower, could he? Yes. But only based on the value of the substantial assistance. The judge could not have gone below the statutory minimum based on 3553A factors. And that's the problem that we have presented here, is we don't know if the sentence, based on the record that this court made, we had a sentencing that started out with a 5K motion, and the defense saying give him more credit than the government's recommending. And, yes, I think defense lawyers, not just out of habit but out of responsibility, still point out the rest of the factors applying under A. Right, but we have to assume that the judge went 50 percent below the statutory minimum because of the substantial assistance and nothing else, because the judge was forbidden from considering anything else to undercut the statutory minimum. So even if he didn't say this is why I'm doing it, that's implicit because he had no other authority. Your Honor, I think here we can't assume that based on the record Judge Santiago made. We have to. It doesn't matter what he said or didn't say. The law prohibits the judge from sentencing below the statutory minimum for any other reason except substantial assistance. So we must assume that that's the reason why the judge cut the sentence in half. In other words, started with the statutory minimum and then cut that sentence in half. The judge had no authority to consider 3553A factors in coming in under the statutory minimum. I hear you, Your Honor. The problem with this sentencing is that what the district court then went on to discuss in issuing the sentence were the following factors. Seriousness of the offense, the cocaine trafficking and the gun at issue here, danger to the community. Right. Judges talk about that stuff all the time. That's what sentencing is all about. They address all of those issues. They touch all the bases. But in this case, the sentence is and can only be explained by virtue of credit for substantial assistance. Otherwise, the judge would have been bound by the statutory minimum. And, Your Honor, I think this is why we're asking for a remand here. And here's the problem. And as the court notes, this is how sentencings look all around the country. But if it is that the court only has the power to sentence below the mandatory minimum in these cases based on 3553E factors, then these should be streamlined sentencings that almost look like Rule 35 hearings. We don't need a PSR then. We just need the description from the government of what the cooperation was and perhaps some disagreement or agreement from the defense. And here we have the judge saying this is about deterrence. And so we don't know. What difference does that make? Your argument is that the judge said too much, but it had no bearing on the ultimate sentence. Because we don't know. It cannot have had a bearing. You're missing my point. Your Honor, I hear what the court notes. And this is an experienced district judge who knew what the limits on his authority were to undercut the statutory minimum. The district court made a record that said this is about deterrence. This sentence is about deterring you and deterring others. If that's the case, it's a pretty lenient sentence. Your Honor, it came in at half the statutory minimum. It did, Your Honor. And the only legal basis for doing that was substantial assistance. So whatever else the judge said about deterrence, about the severity of the crime, about protection of the public, is pretty much irrelevant. Your Honor, except that we don't know that the defendant wouldn't have received. We don't know if he would have received an even lower sentence. We were recommending supervision. He can't receive a lower sentence for any other reason but substantial assistance. Right. So it's at least necessarily implicit in the judge's sentence that he got the credit he did by virtue of his substantial assistance. We don't know whether or not. Nothing else the judge said helped your client, right? Everything else the judge said hurt your client. Well, he did note that the client did make some extraordinary changes in his life post-search warrant. What we don't know is if he would have gotten an even lesser sentence based on what we were recommending, and that was supported by overall facts, but if he wouldn't have gotten a lesser sentence but for the district court's reliance on deterrence and the danger to the community. Those arguments appear from the record to drive this, and I agree with the court, very experienced judge, a good judge, but those seem to have driven the determination to give him 30 months versus the supervision sentence that the defense was recommending, and he did have the discretion to do that. He could have departed further, but we don't know if this was driven by his concerns that are 3553A concerns or simply that he thought he should have gotten more credit than the government was recommending he receive, and that is why we're asking for a remand to clarify this because this type of sentencing that muddles the two sections, we can't assume that the courts are... They're in your rebuttal time very severely. Then I will step back. Thank you, Judge. Thank you, Counsel. Good morning. May it please the Court. Bridget Dimashak appears for the United States. Your Honor, the defendant has argued that we don't know which portion of the sentence he received was attributable to 3553A. You have a lovely, low, well-modulated voice, and I'm an old man, and I need somebody to raise his or her... I will speak up. I have a cold. Thank you for pointing that out. But as the panel noted, the court lacked any authority to consider 3553A, so that's the starting point, that it was not considered because there is no legal basis to do so. But also, Judge Stadtmuller said, and this is at transcript 27, that there were really only two ways for the defendant to receive a sentence of less than 60 months, and he said... I'm sorry, it starts at page 26. And he said, now we started the sentencing hearing this morning with a statutory mandatory sentence of 60 months. That's not Judge Stadtmuller's computation. That's Congress saying, if you commit the crime at this level, irrespective of not having a prior criminal record, this will be the prescribed sentence. But fortunately for you, there were a couple of other options, one of which is not available. That's the safety valve, and not available because Congress, in its wisdom, determined that if firearms were part and parcel of the activity, the safety valve was not applicable. But there does remain, although not called a safety valve, but in your case it certainly would be viewed as such, the matter of a 5K1.1 motion, as well as 3553C, I believe he said E, that allows the court to depart downwardly from the otherwise applicable statutory mandatory sentence. So contrary to defense arguments, not only can we infer that Judge Stadtmuller was aware, based upon his years on the bench and former experiences in assisting a United States attorney, but also he explicitly acknowledged the mechanisms that permitted him to depart from the 60-month mandatory minimum. Also, with respect to the arguments that it appears that this sentence is based on 3553A, because the judge commented on the defendant's personal history and characteristics and other 3553A factors, it really begs the question, what is the court to do? The court needs to, as a matter of its duty, respond to the defendant's 3553A arguments. And here, that's what Judge Stadtmuller was doing. He was responding to the defendant's arguments that he was a sole provider for his family, that he was a church-going person. And so Judge Stadtmuller really did it for the sake of the record, while at the same time acknowledging his limitations. Well, right, because the judge could, within his discretion, sentence above the statutory minimum. Certainly. And so there is a sound reason for laying this basis with 3553A, right, because that's what the court is considering above the mandatory minimum in the event that he decided to go above or in the event that we were before this court for another reason. So it's always a good idea to do it. So the district court, it's clear, based upon the statute and the case law, was prohibited from considering factors other than substantial assistance when imposing sentence below the mandatory minimum. Accordingly, the district court did not err by refusing to reduce the defendant's sentence to account for 3553A factors. And I respectfully ask that the court affirm the defendant's sentence. Thank you. Thank you, counsel. We have one minute. The government asked the question, what is the court to do in circumstances like this? And that is why we're showing that this application of Johnson requires clarification for district courts. What is the court supposed to do? Are we supposed to still have full-blown sentencing hearings when we're moving off of a mandatory minimum in a cooperation recommendation? Well, that was not a foregone conclusion. The judge could have said no. He could have. He could have rejected the plea agreement and said no, correct. But the extent to which the courts in these 5K recommendation sentencings are supposed to have hearings on other 3553A factors is what calls for clarification. Judge, did you have something you wanted to ask me? I'm sorry? Did you have something you wanted to ask me or you were just thinking? No. Okay. Have you concluded? Unless the court has a question, yes, sir. I just want to thank you for taking the case. Oh, thank you, Judge. You were appointed counsel and you came all the way up from, did you come from Florida? No, Phoenix, Judge. Oh, all right. Well, in any event, thank you for taking the appointment. Thank you, Judge. Thank you. The case will be taken under advisement and we'll proceed to the fifth case this morning.